# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 5:08-mj-00024

ETHELBERT C. BROADNAX,

        Defendant.

## MEMORANDUM OPINION & ORDER

Defendant Ethelbert Broadnax challenges his convictions in magistrate court on the petty offense counts of destruction of property and disorderly conduct. For the reasons stated below, the Court **FINDS** that Defendant's contentions are without merit and **AFFIRMS** the judgment of the Magistrate Judge.[1]

### I. BACKGROUND

On September 4, 2008, Defendant pled guilty to two charges stemming from an incident occurring at the Beckley Veterans Affairs Medical Center: (1) destruction of property in violation of 28 C.F.R. § 1.218(b)(4) and (2) disorderly conduct in violation of 28 C.F.R. § 1.218(b)(11). That same day, Magistrate Judge VanDervort sentenced Defendant to suspended concurrent terms of six months imprisonment on each charge, placed him on a six-month term of probation, and ordered him

---

[1] Having addressed all substantive matters pertaining to the instant appeal, Defendant's Motion for Hearing [Docket 54] and Motion to Schedule all Proceedings in Beckley, or in the Alternative, Dismiss [Docket 59] are **DENIED** as **MOOT.** Further, as the record before the Court is more than adequate to address the merits of Defendant's appeal, Defendant's Motion to Obtain Evidence [Docket 45], Motion for Discovery [Docket 50], and Motion for Polygraph and Drug Testing [Docket 51] are also **DENIED**.

to pay a $25.00 processing fee per charge, a $10.00 fine on each charge, a $10.00 special assessment on each charge, and $720.00 in restitution on the destruction of property charge. Defendant has fully paid his monetary obligations, (Docket 48 at 6, 10), and on February 17, 2009, Magistrate Judge VanDervort entered an order granting Defendant's motion for early termination of his probation. (Docket 42.) On September 8, 2008, Defendant timely filed a notice of appeal. (Docket 24.) Defendant filed his appellant brief on January 30, 2009, (Docket 39), and the United States filed its appellee brief on February 27, 2009. (Docket 48.) This matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D); *see also* 18 U.S.C. § 3742(h). The Court reviews the magistrate judge's findings of fact under the clear error standard and his legal conclusions de novo. *See United States v. Bursey,* 416 F.3d 301, 305 (4th Cir. 2005); *United States v. Gwinn,* 219 F.3d 326, 331 (4th Cir. 2000).

## III. DISCUSSION

On appeal, Defendant challenges (1) the sufficiency of his guilty plea, (2) the sufficiency of the evidence against him, (3) the magistrate judge's partiality, and (4) the adequacy of his counsel.[2] Each of these contentions are addressed *seriatim.*

---

[2] The Court is aware of its duty to liberally construe a pro se claimant's "inartful pleading," *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), and has made significant effort to parse potential legal claims from the myriad documents Defendant has filed since his appeal.

### A. *Validity of Guilty Plea*

Defendant pled guilty to both convictions that are now under appeal.  Importantly, "[a] knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."  *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993).  A plea colloquy that complies with Federal Rule of Criminal Procedure 11 "raises a strong presumption that the plea is final and binding."  *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003) (quoting *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc)).  "A defendant's statements at a guilty plea hearing are presumed true" and cannot be overcome by "[u]nsupported subsequent allegations."  *United States v. Moore*, 273 F. App'x 291, 293 (4th Cir. 2008) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74  (1977)).

Defendant did not challenge the validity of his guilty plea in front of the magistrate judge, and as such any error subscribed to this proceeding is subject to plain error review.  *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context.").  The Court may notice such an error "only if the defendant can demonstrate (1) that an error occurred, (2) that it was plain error, and (3) that the error was material or affected the defendant's substantial rights."  *Id.* at 524 (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).  To demonstrate that an alleged error had an impact on his substantial rights, Defendant "must establish that, but for the error, he would not have pled guilty."  *United States v. Irby*, No. 09-4897, 2011 WL 915791, at * 2 (4th Cir. Mar. 17, 2011).  Even if a defendant satisfies the three plain error prerequisites, the Court should only exercise its discretion to correct such an error if it "seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings."  *Id.* (quoting *Olano*, 507 U.S. at 732).

3

At the outset, the Court notes that Defendant's claims of error are largely unspecified, unsupported, and conclusory. Importantly, Defendant has raised no direct objection to the sufficiency or accuracy of the information presented to him at the Rule 11 colloquy or the knowing and voluntary nature of his plea. Indeed, Defendant avoids any mention of the *existence* of his guilty plea, insisting instead that "[t]here were never any admissions of any wrongdoing on the part of Mr. Broadnax," (Docket 55 at 2), and levying generalized accusations that several unidentified persons "within the courthouse" conspired to deprive him of his rights and took "inappropriate" actions, statements which the Court can only assume reference his plea hearing. (Docket 39 at 2.)

The Court notes that Magistrate Judge VanDervort conducted an unexceptional Rule 11 colloquy in this case, and nothing "inappropriate" appears on the face of the record. He inquired into Defendant's background to confirm that he was capable of entering an informed plea, (Docket 28 at 31); ensured that the plea was not the result of any threat or intimidation, (*id*. at 41-42); advised Defendant of his applicable rights, including his right to plead not guilty, (*id*. at 30, 33-34, 43); described the nature of the charges to which Defendant was pleading, (*id*. at 35-40); described the factual basis of the charges, (*id*. at 37-40); and explained the maximum possible sentence for each charge, including potential restitutionary obligations and fines. (*Id*. at 32.) At all times, Defendant conveyed to the court that he understood and acquiesced to the proceedings, and he admitted guilt to each offense. (*Id*. at 38, 41, 44, 45.)[3] Defendant further advised the court that he

---

[3] In regard to the disorderly conduct charge, after discussing the elements of the crime and the factual basis for Defendant's plea, the Magistrate asked, "Do you – did you do as has been discussed and it's been written, sir?" (Docket 28 at 41.) Defendant answered, "Yes, sir, I'm guilty of causing a disturbance." (*Id*.) In the context of the prolonged discussion of charge, the Court finds that this exchange is sufficient as a formal admission of guilt to the offense.

was satisfied with the performance of his attorney and that "all parties" to the proceeding had respected his rights. (*Id.* at 41-42). The Court can find no plain error in the Rule 11 proceeding.

Regarding the factual basis of Defendant's plea,[4] a court has "wide discretion" in this area and "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). Further, a court can find a factual basis for a plea "from anything that appears on the record." *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). Here, the Government's recitation of facts, to which Defendant agreed, was sufficient to establish a factual basis for his charges. (Docket 28 at 37-40.) Notably, Defendant is not permitted to re-try this case on appeal. The voluminous records and personal affidavits he has presented to this Court in support of his claim of innocence are inappropriate and, in light of the properly conducted guilty plea hearing, futile. *See* Fed. R. Crim. P. 58(g)(2)(D) ("The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge.").

Broadnax knowingly and voluntarily pled guilty to the convictions currently under appeal. As no discernable error occurred in Defendant's plea hearing, much less error that would survive plain error review, the Court finds Defendant's current arguments to the contrary to be without merit.

### B. Sufficiency of the Evidence

Defendant asserts that the Government presented "insufficient evidence on a number of occasions." (Docket 39 at 2.) In apparent support of this claim, Defendant devotes most of his

---

[4] The Court can only assume Defendant contests the factual basis of his plea, as he presents the Court with numerous documents purporting to show his innocence.

appellate argument to his "side of the story" concerning the factual circumstances that gave rise to his convictions. (Docket 24 at 1.) "A valid guilty plea, however, forecloses the right to challenge antecedent, non-jurisdictional defects," *United States v. O'Connor*, 317 F. App'x 316, 319 (4th Cir. 2008) (citations omitted)*,* and specifically waives "the right to contest the factual merits of the charges." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Accordingly, Defendant's valid guilty plea operates to waive his insufficiency of the evidence claim, and it will not be further considered by this Court. *Id.* ("[W]e conclude [defendant's] insufficiency of evidence claim is waived by his validly entered guilty plea.").

*C. Judicial Bias*

Defendant argues that Magistrate Judge VanDervort was prejudiced against him. (Docket 24 at 1.) In support, Defendant notes that Judge VanDervort referred to him as a "full blown alcoholic" and drug addict at his arraignment. (Docket 55 at 2.) "Due process guarantees every litigant, civil or criminal, of a trial by an impartial court, free of bias or the appearance of bias. This right continues through the trial, including the sentencing, if the defendant is convicted or pleads." *Moore v. State of South Carolina*, Nos. 88-6676, 90-6539, 1991 WL 15434, at *3 (4th Cir. Feb. 12, 1991) (internal citations omitted). "[O]pinions formed by the judge on the basis of facts introduced or events occurring during the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994)*.*

Magistrate Judge VanDervort's comments concerning Defendant's drug and alcohol use occurred during his July 1, 2008, arraignment, when Judge VanDervort was discussing information

6

that he had received from Defendant's probation officer in the context of evaluating Defendant's eligibility for pretrial release.[5] Quite simply, the comments that Defendant has identified do not even remotely indicate any degree of "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. Magistrate Judge VanDervort's commentary at Defendant's arraignment was wholly appropriate and, as Defendant has pointed to nothing in the record that would even tangentially support a conclusion that the fairness of his proceeding was compromised, the Court finds this claim to be without merit.[6]

### D. Ineffective Assistance of Counsel

Defendant's final argument concerns the effectiveness of his attorney, whom he characterizes as "the most inept counsel available." (Docket 52 at 2.) In particular, Defendant claims, without further elaboration, that his attorney told him to lie, told him that he could not

---

[5] It is worth noting that, although Magistrate Judge VanDervort expressed concerns about Defendant's substance abuse, he allowed Defendant to be released on bond after this hearing. This bond was later revoked when Defendant actually *admitted* marijuana use to his probation officer.

[6] The Court further notes that Defendant received a manifestly reasonable and appropriate sentence upon the entry of his guilty plea. Defendant was convicted of two Class B misdemeanors, which carry a maximum term of six months imprisonment and to which the sentencing guidelines do not apply. *See* 18 U.S.C. § 3559(a)(7); U.S.S.G. § 1B1.9. When there is no analogous guidelines sentence, review on appeal is limited to "whether the sentence was imposed in violation of law or is plainly unreasonable." *United States v. Floresdelgado*, 131 F. App'x 28, 29 (4th Cir. 2005) (quoting U.S. Sentencing Guidelines Manual § 2X5.1 comment. (back'd) (2003)). Defendant received a sentence within the statutory limits for his convictions, and as such it was not imposed in violation of the law. *United States v. McCabe*, 948 F.2d 1283, at *1 (4th Cir. 1991) (citing *United States v. Young*, 916 F.2d 147 (4th Cir. 1990)). Further, Magistrate Judge VanDervort crafted a wholly reasonable sentence for Defendant's two convictions after considering such 18 U.S.C. § 3553(a) factors as Defendant's criminal history, (Docket 28 at 47), and other information contained in the pretrial services report. (*Id*. at 46-49); *see also United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006) (noting that the sentencing court need not "explicitly discuss every § 3553(a) factor on the record."). As such, Defendant's sentence was neither imposed in violation of the law nor plainly unreasonable.

appeal, told the judge that he was an alcoholic, and lied to the judge during the course of the proceedings.

A party claiming ineffective assistance of counsel must show (1) that his counsel's performance was deficient, and (2) that the deficiency resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Gray v. Branker*, 529 F.3d 220, 229 (4th Cir. 2008). In the context of a conviction following a guilty plea, the defendant must satisfy the prejudice prong by showing that, "but for counsel's unprofessional errors[,] he would not have plead guilty and would have insisted on going to trial." *McGraw v. United States*, No. 96-6161, 1997 WL 34431, at * 1 (4th Cir. Jan. 24, 1997) (per curiam). Importantly, "[a] claim of ineffective assistance of counsel should be raised by a habeas corpus motion . . . and not on direct appeal, *unless it conclusively appears from the record* that defense counsel did not provide effective representation." *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (citing *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994)) (emphasis added).

Defendant has pointed to nothing in the record that would support his bare allegations concerning his counsel's allegedly defective performance. Moreover, Defendant has failed to even broach the second *Strickland* prong, as his filings are devoid of any allegations that he would have insisted on proceeding to trial in the absence of his counsel's alleged errors. There is nothing in this record, and certainly nothing "conclusive," that would indicate that defense counsel did not provide effective representation. *Richardson*, 195 F. 3d at 198. Accordingly, the Court finds that Defendant's final claim is without merit.

### *IV. CONCLUSION*

For the reasons stated above, the Court **AFFIRMS** the judgment of the Magistrate Judge and **ORDERS** that this appeal be **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant, pro se, the United States Attorney, and Magistrate Judge VanDervort.

ENTER: August 3, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE